IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEWEL GRIFFIN,**                CASE NO. 1:23 CV 1672

    Plaintiff,

    v.                              JUDGE CHARLES E. FLEMING

**MICHELLE GRABBOWSKI,**

    Defendant.             **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

*Pro se* Plaintiff Jewel Griffin ("Plaintiff") filed this *in forma pauperis* complaint against Defendant Michelle Grabbowski ("Defendant"). (Doc. No. 1). The Complaint consists of two brief statements: "The Defendant is being sued for racketeering [under 18 U.S.C. §§ 1961, 1962]" and "The Defendant has assisted in human trafficking, organ trafficking." (*Id.*). Plaintiff seeks $150,000.

### STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99

F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

## DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The Complaint is almost completely devoid of facts, and it fails to connect any alleged occurrence to any specific, cognizable injury. Additionally, Plaintiff fails to identify how Defendant has harmed her. Plaintiff's pleading is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's complaint fails to state a claim on which the Court may grant relief.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**.

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: January 5, 2024

*Charles Fleming*

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE